**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEPING CHANG,<br><br>              Plaintiff,<br><br>    v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, JIN LIU, JOHN DOE, and JANE DOE,<br><br>              Defendants. | Civil Action No.: 16-cv-3351<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on the motions of Defendants Jin Liu ("Liu") (ECF No. 5) and Prudential Insurance Company of America ("Prudential") (ECF No. 6) to dismiss the Complaint (ECF No. 1-1). Plaintiff Heping Chang ("Plaintiff") is proceeding pro se. The Court has considered the submissions made in support of the instant motions. Plaintiff has not appeared or opposed either motion. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78(b).[1] For the reasons set forth below, Defendants' motions are GRANTED.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

allegations in the complaint and draws all reasonable inferences in Plaintiff's favor.

Plaintiff was enrolled in a Prudential Retirement 401(k) Plan (the "Plan") administered by Prudential. (Compl. ¶ 5). The Plan's governing documents indicate that it is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (Cert. of Ashley M. Pappas, Esq. Ex. B at 2).[2] Before May 23, 2014, Plaintiff's account in the Plan (the "Account") had a value of $164,375.00. (Id. ¶ 6). On May 23, 2014, Prudential distributed a check for $135,620.63 to Liu, representing the balance of the Account after an early termination penalty was assessed. (Id. ¶ 7). Although the Complaint is silent as to the nature of Plaintiff's and Liu's relationship, Liu claims to be Plaintiff's ex-wife. (Liu's Br. at 1).

Liu allegedly admitted to Plaintiff on July 2, 2015, that she had (1) stolen Plaintiff's identity in order to terminate the Account and receive the proceeds and (2) had filed a false tax return for the 2014 fiscal year. (Compl. ¶¶ 8-9). On the same day, Liu allegedly issued "two checks in the amount of $20,000.00 to repay the $164,375.00 she stole from Plaintiff" but had her bank stop payment on the checks. (Id. ¶¶ 11-12).

Plaintiff filed suit against all Defendants in New Jersey Superior Court, Middlesex County, on April 27, 2016. (ECF No. 1-1). The Complaint alleges Prudential failed to take the proper steps to ensure the person terminating the Account was Plaintiff, rather than Liu, and brings claims for breach of fiduciary duty (Count One) and negligence (Count Two) against Prudential on this basis. (Compl. ¶¶ 14-19). Plaintiff also brings claims against both Prudential and Liu for fraud (Count Three) and "Thief" (Count Four), and against Liu alone for "Knowingly Writing Two Bad Checks" (Count Five) and "Intentional Misrepresentation" (Count Six). (Id. ¶¶ 20-31).

---

[2] The Court may consider the Plan's governing documents as "integral to or explicitly relied upon in the complaint . . . without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

2

Prudential removed the action to this Court on June 9, 2016, invoking federal question jurisdiction. (ECF No. 1). Although the Complaint purports to bring only state law claims, Prudential contends the Court has jurisdiction because Plaintiff's state law claims against it relate to 401(k) disbursements and are thus wholly preempted by ERISA. (Id. ¶¶ 7-13). Also on June 9, Prudential served the Notice of Removal on Plaintiff by mail to two addresses (including the one listed in the Complaint) as well as by email. (ECF No. 1). Liu appeared and moved to dismiss on June 23, and served a copy of the motion on Plaintiff to the same two addresses and email address. (ECF Nos. 4-5). Prudential moved to dismiss separately on June 29. (ECF No. 6). Plaintiff has not appeared or responded in any way to either motion, nor has he moved to remand the case to New Jersey Superior Court, Middlesex County.

## III.   LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v. Crown Bay Marina. Inc., 704 F.3d 239, 244 (3d Cir. 2013).

The Court may not ordinarily dismiss the Complaint for failure to state a claim merely because a plaintiff has failed to oppose the motion to dismiss. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Rather, even absent opposition, the Court must "consider[] substantively" whether the Complaint states a claim upon which relief may be granted. Id.

## IV.   DISCUSSION

### A.   Subject Matter Jurisdiction

#### 1.   Claims against Prudential

The Court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, an action does not arise from the laws of the United States unless a plaintiff's well-pleaded complaint, on its face, raises issues of federal law. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). However, "causes of action within the scope of the civil enforcement provisions of [29 U.S.C. § 1132(a), are] removable to federal court" because Congress, through ERISA, has so completely preempted state law governing employee benefit plans that "any civil complaint raising this select

4

group of claims is necessarily federal in character." Id. at 63-64, 66; accord Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995) ("[T]he Supreme Court has recognized a limited exception to the well-pleaded complaint rule for state law claims which fit within the scope of [29 U.S.C. § 1132.]"). Therefore, Plaintiff's claims against Prudential are removable if they fall within the scope of 29 U.S.C. § 1132(a).

29 U.S.C. § 1132(a) provides that "[a] civil action may be brought (1) by a participant[3] or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Here, Plaintiff seeks to recover from Prudential the $164,375.00 from the Account that he claims he lost when Prudential improperly distributed his assets to Liu. Therefore, Plaintiff's claims against Prudential are "necessarily federal in character" and are thus removable. See Metropolitan Life Ins. Co., 481 U.S. at 63-64.

### 2.    Claims against Liu

Liu argues the Court lacks supplemental jurisdiction over Plaintiff's state law claims against her. (Liu's Br. at 10-11).[4] Liu further argues that Plaintiff has failed to effect proper service of process on her. (Id. at 10). However, as explained below, the Court herein dismisses all claims that are federal in character. See infra Part IV.B-C. Therefore, the Court need not reach these issues because the Court declines to exercise whatever supplemental jurisdiction it may or

---

[3] A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Plaintiff appears to fit this definition.

[4] Prudential's Notice of Removal also makes this argument (ECF No. 1 ¶¶ 14-30), but Prudential does not move to dismiss on these grounds.

may not have over the remaining state law claims against Liu. See 28 U.S.C. § 1367(c).

        B.     Preemption of State Law Claims

A state law is preempted by ERISA if it "relates to employee benefit plans[,]" unless it is based on a state law regulating insurance. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (citing 29 U.S.C. § 1144(a)) (internal quotations and alterations omitted). "[R]elates to" is interpreted "in the normal sense of the phrase," meaning "if it has a connection with or reference to" an employee benefit plan. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (internal citation and quotation omitted).

Plaintiff's claims against Prudential center on Prudential's alleged disbursement of the Account's assets to Liu. Therefore, the Court finds the alleged state law claims relate to employee benefit plans, and are preempted by ERISA. See also Estate of Jennings v. Delta Air Lines, Inc., 126 F. Supp. 3d 461 (D.N.J. 2015) ("[S]tate law causes of action, such as negligence for failure to pay benefits under the plan 'relate to' the plan and are preempted by ERISA.").

        C.     The Court Does Not Construe ERISA Claims

The Court is mindful of its obligation to construe pro se complaints liberally and determine whether Plaintiff has pleaded sufficient factual content to state claims under laws other than the ones he has mentioned by name. See Mala, 704 F.3d at 244. However, the Third Circuit appears to discourage district courts from recasting state law claims as ERISA claims rather than dismissing them outright as preempted. In Carducci v. Aetna U.S. Healthcare, the district court declined to dismiss state law claims it found to be preempted by ERISA, electing to "treat the complaints as alleging state claims now transformed into federal ERISA claims[.]" 247 F. Supp. 2d 596, 607 (D.N.J. 2003). The Third Circuit reversed, noting that it found "persuasive" defendants' arguments that "the District Court should have dismissed the claims entirely[.]"

Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005). Thus, courts within the Third Circuit typically dismiss the preempted state law claims and grant leave to amend the complaint to plead ERISA claims, so as to provide defendants with proper notice of the nature of these claims. See, e.g., Estate of Jennings v. Delta Air Lines, Inc., 126 F. Supp. 3d at 471 (collecting cases; rejecting Plaintiff's request to convert preempted state law claims into ERISA claims and granting leave to amend the complaint). This approach has been followed even when a plaintiff was acting pro se. Martellacci v. Guardian Life Ins. Co. of Am., No. 08-2541, 2009 WL 440289, at *4 (E.D. Pa. Feb. 19, 2009).

With repleading, Plaintiff may or may not be able to assert claims "to recover benefits due to [Plaintiff] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" pursuant to 29 U.S.C. § 1132(a)(1)(B); and/or claims based on Prudential's alleged violation of fiduciary duties under 29 U.S.C. § 1104(a). For this reason, the Court dismisses the state law claims against Prudential and allows Plaintiff to replead claims under ERISA. Accordingly, Counts One and Two are dismissed as preempted.

## V.      CONCLUSION

For the reasons above, Defendants' motions to dismiss are GRANTED without prejudice. However, the Court grants Plaintiff 30 days from the date of this Opinion to file an amended complaint to address the pleading deficiencies described herein.

In light of Plaintiff's failure to oppose the present motions, Plaintiff is reminded of his continuing obligation to pursue this case diligently, and is advised that failure to do so may result in his case being dismissed with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

An appropriate order accompanies this Opinion.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

Dated:   Janry 30, 2017